**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

RODRIGO GREGORIO-RODRIGUEZ,

Petitioner,

v.

TODD BLANCHE, U.S. Attorney General, et al.,

Respondents.

Case No.: 26cv3314 DMS (DEB)

**ORDER GRANTING IN PART AND DENYING IN PART AMENDED PETITION**

This case comes before the Court on the Amended Petition for Writ of Habeas Corpus. Respondent filed a Return to the Amended Petition, and Petitioner filed a Traverse.

In the Amended Petition, Petitioner claims his due process rights were violated when he was re-detained without notice or an opportunity to be heard. In the Return, Respondents state Petitioner was re-detained pursuant to a reinstated removal order and that his detention is therefore governed by 8 U.S.C. § 1231(a). (*See* Return at 1, Ex. 1.) Nevertheless, Respondents acknowledge "this Court, and Courts in this District, have repeatedly ordered release under the same and/or similar facts." (Return at 2.) They therefore "acknowledge[ ] that Petitioner is entitled to be released from custody pursuant to § 1231(a)." (*Id.*)

The authorities Respondents cite, however, do not support their position. Indeed, § 1231(a), which governs detention of aliens subject to reinstated removal orders, *Padilla-Ramirez v. Bible*, 882 F.3d 826, 834 (9th Cir. 2017), mandates Petitioner's detention during the removal period, or for 90 days following the reinstated removal order. In this case, the removal period expires on August 12, 2026. Neither the regulation nor the cases Respondents cite support their position that Petitioner should be released before that time.

Despite Respondents' position, and absent any explanation or argument as to why § 1231(a) does not apply here, the Court has an "'obligation to honor the clear meaning of a statute, as revealed by its language, purpose, and history.'" *Southeastern Community College v. Davis*, 442 U.S. 397, 411 (1979) (quoting *Teamsters v. Daniel*, 439 U.S. 551, 556 n.20 (1979)). Under § 1231(a), Petitioner is subject to mandatory detention during the removal period, or until August 12, 2026. If Petitioner has not been removed by that date, he shall be released from custody pursuant to Respondents' concession.

**IT IS SO ORDERED.**

Dated: July 29, 2026

Hon. Dana M. Sabraw
United States District Judge